# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Dominion Energy Carolina Gas Transmission, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> 1.169 Acres, in Richland County, South Carolina located on Parcel R39100-02-05; ERIC N. MANN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETTA N. MANN, EARL T. MANN, HERMAN DARRELL RICHARDSON, ARTHUR C. RICHARDSON, ROBERT RICHARDSON, ETHEL R. BOLDEN, LESTER E. RICHARDSON, LUCIEN V.P. RICHARDSON, JOHNELLA RICHARDSON, DEBORAH JEANNE RICHARDSON DAVIS, RUBYE LUCILLE RICHARDSON ALEXANDER, JACQUELINE LEANNA RICHARDSON WILLIAMS, DWAYNE MAURICE RICHARDSON, WALTER BUTLER, JR., KAREN PERRY-TOWNSEND N/K/A KAREN WHITE, JANET FARRELL, GARY WHITE, CHRISTOPHER WHITE, BERTHA RICHARDSON, CHARLES ROGERS RICHARDSON, ELIZABETH H. SIMON, AND JUDY H. GULLAX, <br><br> And <br><br> UNKNOWN OWNERS, <br><br> Defendants. | Civil Action No.: 3:16-cv-01974-JMC <br><br> **ORDER AND OPINION** |

      **I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from Dominion Energy Carolina Gas Transmission, LLC's ("DCGT's")

exercise of its eminent domain powers pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717,

1

*et seq.* and the applicable Federal Energy Regulatory Commission ("FERC") Certificate order. DCGT brought this action under the NGA and Rule 71.1, Fed. R. Civ. P., seeking certain easements ("easements" or "Rights of Way") it requires in connection with its Eastover pipeline project ("Project") over property described as follows (the "Property"):

> All that certain piece, parcel or tract of land situate, lying and being on the waters of the Wateree River, in the County of Richland, State of South Carolina, being Tract "B" on a plat of a part of lands allotted Emma J. Bynum and Drury M. Bynum, being designated as Tract No. 13 on a plat of J. B. Seay, dated December 17, 1915 and recorded in the Office of the Register of Mesne Conveyance for Richland County in Plat Book "C" at Page 205. The said tract containing 37.5 acres is in shape a rectangle parallelogram, measuring on its Northern and Southern sides eight and three-tenths (8.3) chains and on its Eastern and Western sides forty-two (42) chains; bounded North by Estate of Braydon; East by Tract "C" on said plat; South by lands of Wilson, et al.; and West by Tract "A" on said plat.

Richland County TMS# R39100-02-05.

The court has previously granted partial summary judgment as to DCGT's right to condemn the requested easements over the property (ECF No. 61). By way of this Order, the court hereby grants the requested easements, determines just compensation, and directs the Clerk of Court to disburse the deposited funds as set forth herein.

## II.   ANALYSIS

This matter was tried by the court on January 8, 2017. (ECF No. 94.) Sarah Spruill appeared on behalf of DCGT. Lucien Richardson was the only landowner present.[1] Based on the evidence presented, the court rules as follows:

---

[1] No landowner had appeared prior to the date of trial. The court has previously determined that all parties were properly served with notice of this action (ECF No. 61). In addition, counsel for DCGT represented that a notice of hearing was sent to all landowners for whom she had an address. The court notes Mr. Richardson's testimony at trial requesting the renunciation of two named Defendants in this case, Elizabeth H. Simon and July H. Gullax, on the basis that their deceased father, Robert E. Henderson, relinquished his rights and interest to any properties owned by his wife (and heir to the Property), Sarah Henderson. Based on chain of title documents corroborating Mr. Richardson's testimony (ECF No. 95), the court grants Mr. Richardson's request.

A. **Easements**

In its Amended Complaint, DCGT seeks easement interests in the Property. (ECF No. 68.) DCGT specified that the terms of the easement will be as follows:

> To the extent Exhibit C shows a Permanent Easement, DCGT seeks an easement or Right-of-Way to lay, construct, excavate for, maintain, inspect, operate, protect, repair, renew, remove, or replace a pipeline for the transportation of natural gas, including any appurtenances (including but not limited to metering facilities, regulating facilities, valve facilities, fences, gates, concrete pads, cathodic protection, etc. and any communications facilities incidental thereto) necessary or desirable for regulatory compliance at any time, together with the right of ingress and egress to access said easement or Right-of-Way. To the extent Exhibit C shows a Temporary Workspace Area or Additional Temporary Workspace, DCGT seeks an easement for purposes of the construction of the Project together with the right of ingress and egress to access said easement. The requested temporary easement shall terminate upon the completion of the Project or such earlier date as determined by DCGT.

(ECF No. 67 at ¶ 14).

Based on the evidence presented at the trial of this matter, the Project has been completed and was put in service on November 10, 2016. Thus, the Temporary Easements will be deemed terminated at such time as all work required by the FERC Certificate order is completed.

Further, the court grants the requested Permanent Easement. Within the "50' Wide DCGT Easement Area," DCGT and its successors, affiliates, agents, and assigns will have the right to lay, construct, excavate for, maintain, inspect, operate, protect, repair, renew, remove, or replace a pipeline for the transportation of natural gas, including any appurtenances (including but not limited to metering facilities, regulating facilities, valve facilities, fences, gates, concrete pads, cathodic protection, etc. and any communications facilities incidental thereto) necessary or desirable for regulatory compliance at any time, together with the right of ingress and egress to access said easement or Right-of-Way. No present or future landowner may interfere with this Permanent Easement, and all present and future landowners will be bound by any DCGT Right of

Way guidelines. This Order or a certified copy thereof may be recorded in the Richland County Register of Deeds.

**B. Just Compensation**

During the trial, DCGT presented the testimony of Carlton Segars. Segars is a certified real estate appraiser in South Carolina and based upon the testimony that he gave concerning his credentials, the court finds that he is an expert in the area of real estate appraisals. Segars testified concerning the appraisal performed regarding the property and the methodology used to determine the fair market value of the easements in question. As of June 11, 2016, Segars opined that just compensation for both the permanent and the temporary easements would be one thousand five hundred nineteen dollars and three cents ($1,519.03), which he rounded to one thousand six hundred dollars ($1,600.00). He further confirmed that his opinion as to value of the easements remained the same as of October 28, 2016, the date of the court's order granting immediate possession (ECF No. 62). The court finds that this testimony is credible and more than sufficient to meet DCGT's burden of proof with respect to determining fair market value.

DCGT has stipulated to a value of three thousand dollars ($3,000.00) in order to satisfy the jurisdictional requirements for this court under the NGA, 15 U.S.C. § 717f(h). (ECF No. 67 at ¶ 7). DCGT deposited this amount with the Clerk of Court on October 31, 2016, as provided in the court's order granting immediate possession (ECF No. 62).

Therefore, the court accepts the stipulated value of $3,000.00 and finds that the deposited funds together with any accrued interest will be the just compensation amount. Accordingly, the court finds that DCGT has satisfied its obligation to provide just compensation for the easements, including an award of interest.

### C. Allocation

Mr. Richardson, as the only landowner present at the trial, fondly expressed the familial significance of the Property and adamantly conveyed his desire to have the compensation amount evenly distributed amongst his above-captioned family members. However, the court was informed, through Mr. Richardson's testimony and tax records presented at trial (ECF No. 95), that he has been the sole taxpayer on the property since 2005. Mr. Richardson has paid more than $20,000.00 towards property taxes on the land and has been the lone provider of maintenance and upkeep to the land. Accordingly, despite Mr. Richardson's wishes, the court is emboldened by the overriding interest in equity to award the full compensation amount to Mr. Richardson.

### III. CONCLUSION

Based on the foregoing, the court awards Lucien Richardson $3,000.00 in addition to any accrued interest.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 8, 2018

Columbia, South Carolina